UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IMA, INC. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-3500 |
| | § | |
| COLUMBIA HOSPITAL MEDICAL CITY | § | |
| AT DALLAS, SUBSIDIARY, L.P. d/b/a | § | |
| MEDICAL CITY DALLAS HOSPITAL | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff IMA, INC. (hereinafter referred to as "IMA") files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure and Application for Preliminary and Permanent Injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure.

**I.
PARTIES**

1. Plaintiff IMA, is a Louisiana corporation with its principal place of business in Bossier City, Louisiana.

2. Defendant Columbia Hospital Medical City at Dallas, Subsidiary L.P. d/b/a Medical City Dallas Hospital (hereinafter referred to as "Columbia") is a Texas limited partnership. Columbia may be served through its registered agent, C.T. Corporation, 1999 Bryan St., Ste. 900 Dallas, Texas 75201-3136.

## II.
## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1332(a)(2) relating to a civil action between citizens of a State and citizens or subjects of a foreign state. IMA's claims are in excess of $75,000, exclusive of interest and costs.

4. Jurisdiction is proper because there is complete diversity of citizenship between the parties. IMA is a citizen of Louisiana, and upon information and belief obtained as a result of counsel's reasonable search of public records and court filings, Columbia is not a citizen of Louisiana. *See* Charles Alan Wright et al., *Federal Practice and Procedure: Federal Rules of Civil Procedure § 1224* (3d ed. 2013) (stating that pleading on the basis of information and belief "is a practical necessity" in cases like this one, where information regarding all of the partners and members of a defendant is unavailable). Based on the information available, Columbia is a citizen of Texas, Delaware, and Tennessee.

5. A limited partnership has the citizenship of each of its partners, whether general or limited, and a limited liability company has the partnership of each of its members. *See Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990) (a limited partnership has the citizenship of its partners); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008) (a limited liability company has the citizenship of each of its members). Determining Columbia's citizenship requires information about the citizenship of its partners and its partners' members or partners. Despite IMA's diligent search of public records, IMA is not able to definitively determine the citizenship of all of the members and/or partners of the entities within Columbia's limited partnership structure, but it reasonably believes that none of Columbia's members and/or partners is a citizen of Louisiana.

6. Columbia is a citizen of Texas. It is a Texas limited partnership with its principal place of business in Dallas, Texas. Upon information and belief, Columbia's partners, and its

partners' respective members or partners, are not citizens of Louisiana. Instead, these entities are variously citizens of Delaware, Tennessee, and Texas.

7. A Columbia public information reports lists Medical City Dallas Partner, LLC as owning 99.99% of Columbia in an undisclosed manner. Medical City Dallas Partner, LLC is a citizen of Delaware and Texas. It is a Delaware limited liability company with its principal place of business in Dallas, Texas.

8. The identity of the members of Medical City Dallas Partner, LLC is unknown because the information is not publicly available.

9. Columbia's general partner, Columbia North Texas Subsidiary GP, LLC, is a citizen of Texas and Tennessee. It is a Texas limited liability company with its principal place of business in Tennessee. The members of Columbia North Texas Subsidiary GP, LLC are Columbia North Texas Healthcare System, LP and Columbia-SDH Holdings, Inc.

10. Columbia North Texas Healthcare System, LP is a citizen of Texas and Tennessee. It is a Texas limited partnership with its principal place of business in Tennessee. The general partner of Columbia North Texas Healthcare System, LP is North Texas General, LP. The identity of the remaining partners of Columbia North Texas Healthcare System, LP is unknown because the information is not publicly available.

11. Columbia-SDH Holdings, Inc. is a citizen of Delaware and Tennessee. It is a Delaware corporation with its principal place of business in Tennessee.

12. North Texas General, LP is a citizen of Texas and Tennessee. It is a Texas limited partnership with its principal place of business in Tennessee. Its general partners are NTGP, LLC and GalTex, LLC.

13. GalTex, LLC is a citizen of Delaware and Tennessee. It is a Delaware limited liability company with its principal place of business in Tennessee. Its sole member is Columbia-SDH Holdings, Inc.

14. NTGP, LLC is a citizen of Delaware and Tennessee. It is a Delaware limited liability company with its principal place of business in Tennessee. A public information report states Columbia-SDH Holdings, Inc. owns 100% of NTGP, LLC in an undisclosed manner. The sole member of NTGP, LLC is Galen Holdco, LLC.

15. Galen Holdco, LLC is citizen of Delaware and Tennessee. Galen Holdco, LLC is a Delaware limited liability company with its principal place of business in Tennessee. Its sole member is HCA Healthcare, Inc.

16. HCA Healthcare, Inc. is a citizen of Delaware and Tennessee. It is a Delaware corporation with its principal place of business in Tennessee.

17. Upon information and belief, all of Columbia's partners and their respective partners or members are citizens of Delaware, Tennessee, or Texas. Counsel has not found any information by reasonable and diligent searches of public records and court filings that shows that Columbia or its partners or their respective partners or members as a citizen of Louisiana.

18. Columbia is in possession of pertinent information regarding the citizenship of its partners and their respective partners or members. IMA intends to request expedited, limited jurisdictional discovery to obtain the necessary information and affirmatively determine there is complete diversity. In *Unified 2020 Realty Partners, LP v. Proxy Wireless Corp.*, No. 3:11-cv-0861-D, 2011 WL 2650199, (N.D. Tex. July 6, 2011) the court allowed limited jurisdictional discovery on the basis that the opposing party possessed information as to its citizenship, which was unavailable to the movant, and the information determined subject matter jurisdiction.

19. Additionally, on March 18, 2019 in *Fiesta Mart, LLC v. ACON Investments, LLC*, No. 4:18-cv-04704, 2019 WL 3080911 (S.D. Tex. March 18, 2019) in response to a notice of removal based on diversity, the court ordered the parties to jointly file their verified proof indicating the identity and citizenship of all members of both parties in order to determine whether complete diversity existed. A similar order in this case should permit the parties to confirm diversity.

20. Venue is proper under 9 U.S.C. § 4, as the arbitration hearing IMA is seeking to enjoin is ongoing in Houston, Texas. *See* Exhibit 1, Claimant's Demand for Arbitration.

### III.
### FACTS

21. IMA brings this claim for a declaratory judgment and application for preliminary and permanent injunction under Federal Rules of Civil Procedure 57 and 65(a), 28 U.S.C. §§ 2201 and 2202, and the Federal Arbitration Act.

22. On or about July 19, 2019, Columbia filed a demand for arbitration with the American Arbitration Association, attached hereto as Exhibit 1.

23. Columbia claimed that IMA was bound by a Hospital Agreement (Eff. April 1, 2012 (as amended)) (hereinafter referred to as the "Hospital Agreement") between HCA North Texas Division, Inc., the alleged disclosed agent for Defendant, and HealthSmart Preferred Care II, LLC (hereinafter referred to as "HealthSmart"), attached hereto as Exhibit 2.

24. Columbia claimed HealthSmart is known as a "Rental Network" in the healthcare reimbursement industry. Columbia claimed HealthSmart enters into participating provider agreements with providers that include reimbursement rates and then enters into separate agreements with third party administrators and health plans by which those entities have access to the rates that HealthSmart agreed to with participating providers.

5

25. Columbia claimed IMA is a third party administrator of an employee health plan and that one of the plans IMA administers is the Central Management Company, LLC (hereinafter referred to as "CMC") Employer Health Plan (hereinafter referred to as "the ERISA Health Plan").

26. Columbia claimed the arbitration involves its provision of covered services to a CMC plan member, IMA, as CMC's third party administrator, who allegedly processed certain claims by Columbia and refused to reimburse Columbia correctly.

27. The Hospital Agreement contains the arbitration provision at issue. This provision requires the arbitration hearing be held in Houston, Texas.

28. The only agreement Columbia attached to the Demand for Arbitration was the Hospital Agreement. Columbia did not cite, quote or attach any term from any of the other alleged agreements.

29. IMA is a "non-signatory" to the Hospital Agreement. Paragraph 5.1 of the Hospital Agreement states all agreements and promises between the parties are completely integrated in the Hospital Agreement:

> 5.1   Entire Agreement.  This Agreement, all Exhibits, and other documents furnished pursuant to or in furtherance of this Agreement and expressly made a part hereof shall constitute the entire agreement relating to the subject matter hereof between the parties hereto.  Each party acknowledges that no representation, Inducement, promise or agreement has been made, orally or otherwise, by the other party, or anyone acting on behalf of the other party, unless such representation, inducement, promise, or agreement is embodied in this Agreement, expressly or by Incorporation.

30. Paragraph 5.8 of the Hospital Agreement also prohibits third party beneficiaries:

> 5.8   Third Party Beneficiaries.   The Parties agree that no third persons or entities are intended to be or are third party beneficiaries of the Agreement, including without limitation, Covered Persons and any insurer or tortfeasor which may have primary liability for

6

>Covered Services provided to Covered Persons through coordination of benefits or otherwise.

31. Columbia claimed at the time it provided health care services at issue, IMA was a party to an agreement (hereinafter referred to as "IMA/PPOplus Contract") with PPOplus, LLC a/k/a Stratrose, LLC (hereinafter referred to as "PPOplus") who was, in turn, a party to a January 1, 2002, network access agree with HealthSmart.

32. The IMA/PPOplus Contract (Attached hereto as Exhibit 3) provides that it constitutes the entirety of the agreement between the parties, there are no third party beneficiaries, and that IMA has no responsibility for claim payments, as the third party administrator (TPA):

>3.8 Indemnification. PPO acknowledges and agrees that TPA (IMA) has no, and shall have no, responsibility or liability for the organization, administration, and operation of PPO, including the contracting for Participating Providers … PPO acknowledges and agrees that TPA has no, and shall have no responsibility or liability for any claim decisions or payments. PPO agrees that TPA is not, and will not be directly or indirectly responsible for the payment from its own funds of any claims or billings for Covered or Non-Covered Services. PPO acknowledges that TPA is not an insurer, guarantor or underwriter of the responsibility and liability to provide benefits pursuant to the Plan. All claims, decisions and payments will be the responsibility of Group or Beneficiary [of the ERISA Plan].
>
>5.1 Entire Agreement. This Agreement and all attachments and other documents furnished pursuant to this agreement and expressly made part hereof shall constitute the entire Agreement relating to the subject matter hereof between the parties hereto.
>
>5.4 Third Party Beneficiaries. The obligations of each party to this Agreement shall inure solely to the benefit of the other party, and no Beneficiary of other person or entity shall be a third party beneficiary to this Agreement.

33. IMA, as a third party administrator for CMC, is subject to the ERISA Health Plan. IMA's role is to determine the reasonableness of the medical charges, and to make payments on behalf of CMC only if the charges are reasonable and otherwise owing under the Plan. IMA has

7

repeatedly requested Columbia to provide documentation showing the costs of the implants for which it is seeking recovery. Columbia has refused to provide the requested documentation. According to the advice of IMA's expert, Columbia's charges are excessive.

34. Furthermore, the Plan requires Columbia to appeal any denial of claims to CMC's insurance carrier before filing suit under the ERISA Health Plan to obtain payment. Columbia has never appealed the denial of its medical charges at issue.

35. Such a suit by Columbia would need to be against CMC and/or its insurer under the ERISA Health Plan, not against IMA. IMA does not fund claims under the ERISA Health Plan and has no obligation to Columbia to pay claims. The claims are funded by CMC and/or its insurer, who have the obligation to pay them.

## IV.
## DECLARATORY JUDGMENT

36. IMA respectfully requests that this Court declare that IMA is not a party to any arbitration agreement with Columbia and is not required to arbitrate with or pay any money to Columbia under the Hospital Agreement or under any other agreement.

37. In order to be subject to arbitral jurisdiction, a party must generally be a signatory to a contract containing an arbitration clause. *Elgohary v. Herrera*, 405 S.W.3d 785 (Tex.App.—Houston [1st Dist.] 2013, no pet.); *Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347 (5th Cir. 2003), *cert. denied,* 549 U.S. 1051 (2006). While non-signatories to an arbitration agreement can be bound to arbitrate under principles of contract and agency law, a non-signatory's duty to arbitrate presents a "gateway issue" that the courts, not the arbitrator, are primarily responsible for deciding. *Id.* Absent clear and unmistakable evidence that the parties agreed to submit arbitrability to the arbitrator, the power to decide arbitrability resides with the Court, not the arbitrator. *Id.* When determining whether the parties agreed to submit to arbitrability, Courts

focus on whether there is such an agreement between the parties before the Court, not between the parties to the arbitration agreement itself.  *Id.*

38.     Because neither Columbia nor IMA is a party to the Hospital Agreement, there is no clear and unmistakable evidence that the parties agreed to submit arbitrability to the arbitrator. The arbitration should be enjoined because there is no clear and unmistakable evidence that IMA and/or Columbia agreed to submit the arbitrability to this arbitration.

39.     In the Demand for Arbitration, Columbia seeks to combine various contracts between different entities as one contract in order to enforce the arbitration provision, which is contained only in the Hospital Agreement, and to which IMA is not a party.  Columbia specifically seeks to combine the Hospital Agreement with the IMA/PPOplus Contract and the PPOplus January 1, 2002, Network Access Agreement with HealthSmart as one contract, but as stated before, Columbia fails to attach any of these other contracts or quote any provisions from these other contracts.  Also, Columbia does not seek to include the Plan with the above agreements even though IMA is a party to the Plan.

40.     The various agreements Columbia claims should be combined and read as one cannot be combined and read as one.  In the IMA/PPOplus Contract IMA did not assume liability for any other contract or for Columbia's claims.

41.     For the previous reasons cited, there is no clear and convincing evidence that IMA is a signatory to any arbitration provision and Columbia has not cited any promise by IMA to make any payment to it or cited any agreement in which IMA has agreed to make payments to Columbia.

## V.
## APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

42.     IMA repeats and realleges Paragraphs 12-36 as though set forth fully here. IMA asks this Court to enjoin Columbia from taking any further action in connection with the arbitration

in which Columbia seeks to force IMA—who never agreed to arbitrate—to reimburse Columbia for services it provided to CMC.

43. IMA is not a signatory of the Hospital Agreement and IMA and Columbia never agreed to arbitration.

44. There is a substantial likelihood that IMA will prevail on the merits of this request because Columbia has no right to demand arbitration with IMA. The threatened harm outweighs any harm the preliminary injunction would cause to Columbia, which has its remedies in this court.

45. IMA asks this Court to set this request for preliminary injunction through trial for hearing at the earliest possible time.

46. IMA also requests a permanent injunction against Columbia preventing it from initiating, attempting to enforce or confirm by court order, or otherwise participate in any arbitration against IMA under the Hospital Agreement or under any other agreement, including arbitration for reimbursement of services Columbia provided to CMC.

## VI.
## REQUEST FOR ATTORNEYS' FEES

47. IMA respectfully requests that this Court award it reasonable attorneys' fees incurred in bringing this action. Federal law allows the recovery of attorneys' fees that are reasonable and necessary as well as equitable and just. 28 U.S.C. §2201; *Acceptance Ins. Co. v. Blugra Enterprises, Inc.*, 946 F. Supp. 480, 483 (N.D. Tex. 1996).

### PRAYER

Plaintiff, IMA, Inc. respectfully prays that this Court enter a Declaratory Judgment and grant injunctive relief as requested herein, as well as award reasonable and necessary attorneys' fees to IMA, Inc., and for such other or further relief, general or special, at law or in equity, to which IMA, Inc., may be justly entitled.

                Respectfully submitted,

By:    */s/ David L. Pybus*
       David L. Pybus
       SBN: 16418900
       SD Bar No. 7519
       dpybus@preisplc.com
       24 Greenway Plaza, Suite 2050
       Houston, TX 77046
       Tel: (713) 355-6062
       Fax: (713) 572-9129

**ATTORNEY IN CHARGE FOR IMA, INC.**

OF COUNSEL:
**PREIS PLC**
John P. Guillory
SBN: 00785349
jguillory@preisplc.com
Versailles Centre, Suite 400
P.O. Drawer 94-C
Lafayette, LA 70509
Tel: (337) 237-6062
Fax: (337) 237-9129